# HODES, ULMAN, PESSIN & KATZ, P.A.

901 Dulaney Valley Road | Suite 400 | Towson, MD 21204
phone 410.938.8800 | fax 410.823.6017 | www.hupk.com

**Randall M. Lutz**
**Direct Dial: (410) 339-6744**
**Facsimile: (410) 938-8378**
rlutz@hupk.com

June 9, 2003

**VIA E-FILING**

The Honorable William D. Quarles
United States District Court
  for the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street, Room 310
Baltimore, Maryland 21201

    Re:   Case:     *The Sherwin-Williams Co. Inc. v. ARTRA Group, Inc.*
                  1:91-cv-02744-WDQ
          Matter:   Status Report

Dear Judge Quarles:

This letter is to provide an update of the status of the captioned case, as the Court has requested. This case primarily concerns a contribution action under CERCLA – a lawsuit by the current property owner against the prior owner, seeking payment of the prior owner's equitable share of cleanup costs for environmental contamination, as well as contractual damages under a written indemnification agreement.

The Court previously held that the prior owner, ARTRA (formerly known as "Dutch Boy"), was liable under CERCLA. The Court then assigned Special Master Percival to hear the trial on allocation of damages. The Special Master was to make a recommendation to the Court regarding damages, i.e. an equitable allocation under CERCLA and other damages afforded by law. Trial began in November 2001 and was completed on December 3, 2001.

In lieu of closing statements and trial briefs, the parties agreed to a post-trial briefing schedule approved by Special Master Percival. Both sides filed post-trial memoranda in accordance with that schedule. ARTRA moved to strike Sherwin-Williams brief, which was denied. Sherwin-Williams timely filed its opposition to ARTRA's brief. ARTRA was ultimately granted an extension of time to file its opposition to Sherwin-Williams's memorandum. On June 3, 2002, the day that ARTRA's opposition brief was due to be filed, ARTRA filed for Chapter 11 bankruptcy protection in Chicago, Illinois, staying the instant case.

Sherwin-Williams retained Illinois counsel to represent its interests in the ongoing bankruptcy matter. We have been advised that ARTRA recently filed an amended plan and disclosure statement in bankruptcy court, and a hearing is scheduled for July 22, 2003. It

*The Maryland Law Firm*

TOWSON    COLUMBIA    BEL AIR    CAMBRIDGE    BETHESDA    HAVRE DE GRACE

The Honorable William D. Quarles
June 9, 2003
Page 2

remains Sherwin-Williams' position that it is entitled to proceeds from ARTRA's estate, which may include some contribution from one or more insurers of ARTRA.

It is also Sherwin-Williams' contention that should the allocation matter be remanded back to this Court for further consideration, ARTRA should be obligated to file its opposition brief immediately. The basis for this is that ARTRA's brief was due on the very day that the defendant filed for bankruptcy protection. ARTRA had been hinting at the possibility of bankruptcy for many months, so the filing of the petition was certainly not a spontaneous decision. ARTRA had requested additional time from this Court, claiming that it needed more time to file that brief. Instead, it appears that ARTRA utilized this additional time to complete its long-threatened bankruptcy petition. Sherwin-Williams filed its brief several hours before receiving the notice from ARTRA's counsel about the bankruptcy. Certainly ARTRA's opposition brief should have been finished or nearly finished by June 3, 2002, so that little if any additional effort would be necessary to complete the brief, if the case were ultimately remanded to this Court. The only other remaining briefing activity would be reply briefs. Pursuant to the prior scheduling order, they would be due two weeks after ARTRA would file its opposition.

Sincerely,


Randall M. Lutz

RML/SME/jhm
cc:     Clerk of Court
        Robert E. Scott, Jr., Esq. / Semmes Bowen and Semmes PC
        Allen J. Danzig, Esq. / The Sherwin-Williams Company, Inc.